James F. Gill, Esq. Formal Opinion NYS Thoroughbred Breeding and No. 95-F6 Development Fund Corporation 1290 Avenue of the Americas New York, N Y 10104
Dear Mr. Gill:
On behalf of the board of directors of the New York State Thoroughbred Breeding and Development Fund Corporation (Fund), you have requested an interpretation of section 17(a) and (c) of the Agriculture and Markets Law. Specifically, you ask whether those provisions authorize the Commissioner of Agriculture and Markets, who sits on the board of directors of the Fund by virtue of his office, to empower his deputy commissioner to act in his place on Fund matters.
Events preceding this opinion request are relevant. At our suggestion, an initial inquiry was made with the State Committee on Open Government (Committee). Through letter dated March 9, 1995, Counsel to Douglas Koch, DVM, a member of the board of directors of the Fund, inquired of the Committee whether the Commissioner of Agriculture and Markets may authorize a proxy to participate in meetings of the Fund and to determine whether the fund is subject to the Open Meetings Law. The Committee responded (April 11, 1995 letter to counsel to Douglas Koch, DVM), first indicating that the Fund's board of directors is a "public body" under section 102(2) of the Open Meetings Law in that it consists of more than two members conducting public business and performs a governmental function for a public corporation.
Second, while finding that there are no provisions in the Open Meetings Law or in the Fund's enabling legislation referring to the capacity of a board member to utilize a delegate or proxy, the Committee concluded that under the provisions of the Open Meetings Law a member of a public body can only cast a vote if the member is physically present at the meeting of the body. The Committee concluded its opinion, stating that absent specific statutory authority members of a board of directors, ex officio or otherwise, may not delegate their authority to serve on the
board to a representative. The Committee cited as an example provisions of the Public Officers Law authorizing certain members serving on the Committee on Open Government in an ex officio capacity to designate delegates to act in their stead.
The board of directors of the Fund directed its counsel to request that the Committee reconsider its opinion in light of section 17(a) and (c) of the Agriculture and Markets Law (April 27, 1995 letter from James F. Gill to Committee). The Committee responded, through letter dated May 24, 1995, noting that its conclusions were based on the provisions of the Open Meetings Law and the enabling legislation of the Fund, and not section 17 of the Agriculture and Markets Law of which it was unaware. The Committee noted its limited authority to provide opinions and interpretations concerning the Open Meetings Law and referred the Fund to the Attorney General for an interpretation of other relevant statutes.
Returning to your inquiry, the Fund is designated as a body corporate and politic constituting a public benefit corporation. Racing, Pari-Mutuel Wagering and Breeding Law § 245(1). It is administered by a board of directors which includes "the commissioner of agriculture and markets". We concur with the Committee that there are no provisions in the Racing, Pari-Mutuel Wagering and Breeding Law or in the Open Meetings Law bearing upon the delegation of authority by a member of the Fund's board of directors to a representative or proxy. There are, however, no provisions prohibiting such a delegation. In our view, section 17(a) and (c) is sufficient statutory authority to authorize the Commissioner of Agriculture and Markets to delegate officially to a deputy commissioner the power to act in his place on the board of directors of the Fund. Those provisions provide as follows:
 (a) The commissioner may delegate any of his powers to, or direct any of his duties to be performed by, a deputy commissioner or the director of a bureau and, except where it is otherwise provided in this chapter or the context otherwise requires, may delegate any of such powers to any officer or employee of the department.
. . .
 (c) Whenever by the education law or other statute the commissioner is made a member by virtue of his office of the board of visitors, managers or trustees or other similar body of a state institution, he may in writing authorize and empower a deputy commissioner, the secretary of the department or the director of a bureau to act in his place and stead at any meeting or meetings of any such board or body.
Subdivision a authorizes the Commissioner to delegate any of his powers to a deputy commissioner. Subdivision c authorizes the Commissioner, when he is made an ex officio member of a body, in writing to authorize and empower a deputy commissioner to act in his place and stead at meetings of the body. Read together, these provisions constitute a broad authorization for the Commissioner to delegate his powers. This authorization includes a delegation by the Commissioner of his responsibilities as a member of the board of directors of the Fund.
You have indicated that the Commissioner in writing has delegated his authority to participate on the Fund's board of directors to a deputy commissioner.
We conclude that the Commissioner of Agriculture and Markets is authorized by statute to delegate his responsibilities on the board of directors of the New York State Thoroughbred Breeding and Development Fund Corporation to a deputy commissioner.
Very truly yours,
DENNIS C. VACCO
Attorney General